THE CITY OF BIG RAPIDS v. DANIEL F. COMSTOCK.

*Encroachment on highway — Adverse possession — Equity.*

1. In a suit to enjoin a property-owner from erecting a building alleged to encroach upon a public street in a city, the evidence disclosed that the ground occupied by the building had been in the open, continued, and adverse possession of the defendant and his grantors for twenty-five years, and had never been used as a street.

   *Held,* that the owner of the lot had gained title, as against the public, to the ground so *actually occupied* for such time.

2. Where a city filed a bill to enjoin the erection of a building on the ground that it encroached upon a public street, and was a public nuisance, impeding and interrupting travel, and interferring with business thereon, and the court found that the building encroached on said street four and one-half inches, and decreed that defendant tear down and remove all portions of said building so extending into the street, and enjoined him from erecting or maintaining any building or wall within such four and one-half inches,—

   *Held,* that equity will not grant this kind of relief, it being out of all proportion to the *nature* or *extent* of the injury done, or likely to be sustained, by such encroachment.

Appeal from Mecosta. (Fuller, J.) Argued January 28, 1887. Decided February 10, 1887.

Bill to enjoin an alleged encroachment on a public street. Defendant appeals. Decree reversed and bill dismissed. The facts are stated in the opinion.

*Austin Herrick* (*Taggart, Wolcott & Ganson,* of counsel), for complainant.

*Frank Dumon* (*M. Brown* and *J. H. Palmer,* of counsel), for defendant.

MORSE, J. The city of Big Rapids filed its bill of complaint, alleging, among other things, that two of the principal avenues and streets of said city are Michigan avenue and Maple street, and that said streets intersect each other at about the center of the business portion of said city, and are the two principal business streets therein; that one Daniel F. Comstock is in possession of lot 1, in block 20, of the original plat of the village (now city) of Big Rapids, claiming to be the owner thereof, and of the building or buildings situate thereon; that the said land and buildings above described are situated upon the south-east corner of said Michigan avenue and Maple street, and abut upon Michigan avenue for a distance of 50 feet, and upon Maple street for a distance of 150 feet; that said Daniel F. Comstock has built solid foundation walls of stone, and is building exterior walls to said building of brick; that said stone foundation walls and brick exterior walls are so built as to be of a permanent nature.

That the walls of said building as built and in process of construction are an encroachment in and obstruction to said two named streets, and are a public nuisance; that the foundation and exterior walls on the westerly side of said building are built, and are being built, extend into, and encroach upon said Michigan avenue a distance of about 30¼ inches along said Michigan avenue for a distance of 29 feet and 8 inches south of Maple street, and that the foundation and exterior walls on the northerly side of said building are built, and being built, extend into and encroach upon said Maple street a distance of about 9 inches along said Maple street for a distance of 103 feet east of Michigan avenue; that the foundation and exterior walls, as aforesaid, interrupt

and impede the travel upon said two named streets, and, greatly interfere with business upon them, and narrow said streets at that point, to the great injury of the public, and to the property owned in that vicinity; that said building, as now built and in process of construction, will disfigure said two streets, and incumber and obstruct the same, and that the injury to said streets, and to the city and to other property, is irreparable; and that said Comstock, although informed of his encroachment, and requested to desist, continues to build upon said foundation and exterior walls, and threatens to complete his building, and maintain it permanently where it is.

The prayer of the bill is that Comstock be perpetually restrained from proceeding with said building, and directed to tear down and remove all of that portion of the walls which are within the proper limits of Michigan avenue or Maple street, and enjoined from erecting any walls or buildings upon said lot within the line of said streets as claimed by the complainant.

Defendant answered, denying, upon information and belief, that any part of the land covered by his building, or the foundation walls thereof, was ever used or occupied as a street, and averred that the same had been held adversely to the public ever since said building was erected, and before said streets were opened to the public. He denied that any part of the walls of his building, or the building itself, encroached upon either of said streets, or that the same was a public nuisance, or disfigured the streets, or did any injury to any property in said city. He avers that the building claimed to encroach upon these streets has, to his knowledge, stood where it now does for 15 years and more, and he believes and is informed that the said building upon said lot was first erected in 1858 by one Williams, then the owner of said lot, and that the same was placed, as supposed, upon the line of the lot; that in 1866 one Darling raised said

building, and put a stone foundation under it, which has ever since there remained and been maintained; and he claims title to the ground, and all of it, upon which any portion of said walls stand, and that he and his grantors have been in the open, notorious, and continuous possession of said ground for 25 years and upwards. He admits that he is building a brick wall upon said foundation, and intends to repair said building.

There is not much conflict as to the facts of the case as shown by the proofs. The defendant's building appears to be 30¼ inches within the line of Michigan avenue, and in Maple street 9½ inches.

The history of the building is this: In the summer of 1859, Warren and Ives were the owners of certain lands, including the locality in question, and they caused the same to be surveyed and platted. Big Rapids was then a place of a few houses, in an almost unbroken wilderness, remote from railroads and settlements. The forest was untouched in all the streets of the present city, excepting these two, Maple street and Michigan avenue.. The trees felled in these streets were still lying on the ground. When this survey was made, upon the site of the present building there was standing, on the south-east corner of these streets, a cheap rough-board tavern, 16 by 32 feet in size, and two stories high, and having a small lean-to to one side. This was built some months prior to this survey. The lot upon which it stood was known as lot 1 of block 20 upon the plat made by Warren and Ives aforesaid. Warren and Ives deeded this lot to Daniel Stearns, October 1, 1859, which deed was acknowledged November 1, 1859, and recorded November 25, the same year. The plat was executed by Warren and wife and Charlotte Ives, as shown by their acknowledgment, October 13, 1859, and by Chauncey P. Ives, September 27, 1859. The surveyor did not acknowledge it until May 5, 1860. It was received for record November 3, 1859. It will be seen, therefore, that Warren

and Ives had parted with their title to this lot before the exe-cution of the plat.

The building, standing upon its original line as regards both streets, has since been held and occupied all the time continuously by the grantees of Stearns down to the present time. It was at different times repaired, improved, and enlarged. Stone foundation walls were put under it; the west and north exterior walls remaining upon substantially the same lines as when originally built until just before the commencement of this suit, and said walls really marking the lines of the two streets as used by the public.

The defendant, Comstock, in April, 1885, commenced to repair or rebuild this building, erecting the first story of brick, and the second story frame, veneered with brick. It is claimed that both the north and west walls were built four and one-half inches further into the street than the old walls were, and that they were so placed by the direction of the defendant. He also extended the building on the same line.

The court below found that the building, as erected, encroached upon and extended into said Michigan avenue to the width of four and one-half inches, and into Maple street to the same width, for a distance of 103 feet from the corner of said building, and decreed that the said defendant be directed and commanded to tear down and remove all of those portions of such building which so encroached and extended upon these two streets, and enjoined him forever from erecting or maintaining any building or wall within such four and one-half inches.

It is claimed by the counsel for defendant that the building, as it now stands, is not as far out as were the old foundation walls on Michigan avenue, or the old window-sills on Maple street.

John H. Foster, who repaired and rebuilt the walls for the defendant, testifies that he did not build the wall any further out on the Maple-street side than the bottom of the old walls.

The old wall was built "battering," and he rebuilt it plumb, starting from the same foundation.

Whether the wall was built within the old line as claimed by defendant, or four and one-half inches further out as found by the court below, in our view is of little consequence, as far as the result of this controversy is concerned.

The court found correctly, from the evidence, an open, continued, and adverse possession of the ground occupied by this building for 25 years. It had never been used as a street. The line of this building on both streets had been accepted and used by the public as the line of such streets for that number of years. It is settled in this State, beyond question, that the owners of this lot had gained title, as against the public, to the ground actually occupied by them for twenty years and upwards. *Gregory v. Knight,* 50 Mich. 61–64; *Coleman v. Flint & P. M. R. R. Co.,* 64 Id. 160; *Lyle v. Lesia,* Id. 16.

As to the four and one-half inches, there is no showing in the proofs that the building impeded public travel, disfigured the streets, interfered in any way with business on the streets, or incumbered or obstructed them in any manner. Indeed, four and one-half inches could not well be considered as tending to bring about any of such results.

The whole theory of complainant's bill bases its claim for relief upon the ground that the encroachment complained of is a public nuisance, and impedes and interrupts the travel upon these streets, and interferes with business upon them, and that it narrows said streets, to the great injury of the public, and to the property owned in that vicinity; and avers that the injury to said streets, the city, and other property is irreparable.

There is no finding in the decree of the court below in accordance with such allegations, and no proof in the record to sustain them.

The decree of the court below directing the walls of this

building to be torn down because of this encroachment of four and one-half inches, if in fact there be any such encroachment, cannot stand.    Equity will not grant this kind of relief.    It is out of all proportion to the nature or extent of the injury done, or likely to be sustained, by the erection and maintenance of the building as it now is.    *Hall v. Rood,* 40 Mich. 46 ; *Fox v. Holcomb,* 32 Id. 494.

The decree of the court below is reversed, and the complainant's bill dismissed, with costs of both courts.

The other Justices concurred.