THE UNION PACIFIC RAILWAY COMPANY v. J. W. KIN-
DRED, *as Trustee of Delaware Township, in Wyandotte
County, et al.*

1. CASE, *Followed.* The case of *Smith v. Smith,* 34 Kas. 293, followed.

2. RAILROAD RIGHT-OF-WAY, *Permission to Cultivate—Possession, not Ad-
verse.* Where abutting or adjoining land-owners cultivate and occupy
a part of the right-of-way granted by congress as an easement to a
railway company, such possession must be regarded as permissive
only, and not hostile or adverse so as to confer title.

3. PARTIES—*Defect of, Waived.* If in a petition filed in a civil action
there is a defect of parties, but no objection is taken thereto either
by demurrer or answer, the defendant is deemed to have waived the
same.

*Error from Wyandotte District Court.*

INJUNCTION, which had been granted on behalf of the
*Railway Company,* dissolved at the March term, 1888. This
ruling the plaintiff brings here for review. The facts suffi-
ciently appear in the opinion.

*A. L. Williams,* and *Chas. Monroe,* for plaintiff in error.

*Winfield Freeman,* county attorney, for defendant in error;
*A. L. Berger,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court
below by the Union Pacific Railway Company against J. W.
Kindred, trustee of Delaware township, and Robert Barnwell,
overseer of a road district in the same township, in Wyandotte
county, to enjoin and restrain them from opening or construct-
ing a public highway upon the right-of-way of the company.

The Union Pacific Railway Company was created by the
consolidation of the Union Pacific Railroad Company, the
Kansas Pacific Railway Company, and the Denver Pacific
Railway and Telegraph Company, and by virtue of such con-
solidation became possessed of, and has ever since held, pos-
sessed and controlled all the property of each of the constituent

companies.  The Kansas Pacific Railway Company, one of the constituent companies, was the successor by change of name of the Union Pacific Railroad Company, Eastern Division, and the Leavenworth, Pawnee & Western Railroad Company, under which last name it was chartered by the territorial legislature of Kansas, and is the same company mentioned by its various names in the act of congress entitled, "An act to aid in the construction of a railroad and telegraph line from the Missouri river to the Pacific ocean, and to secure to the government the use of the same for postal, military and other purposes," approved July 1, 1862, and the other acts amendatory and supplemental thereto.  Congress, by the second section of the act of July 1, 1862, granted the right-of-way for the railroad through the Delaware Diminished Indian Reservation, and agreed to extinguish as rapidly as might be the Indian title required for such right-of-way.  This grant was for four hundred feet—two hundred feet in width on each side of the railroad. (*Grinter v. Railway Co.,* 23 Kas. 642.)

The trial court made the following findings of fact:

"That the railroad of plaintiff and the proposed highway are in what is known as the Delaware Diminished Indian Reservation; that the proposed highway is within 200 feet of the railroad track of the company, but not within 50 feet thereof; that the railroad was built in 1863 or 1864 through the Indian reserve, and has been operated by it through the reservation ever since."

It is conceded in the record that no notice of the meeting of the viewers to view the proposed highway was ever served upon the railway company, therefore the commissioners had no power or authority to direct the trustee or road overseer to open and construct the highway. (*The State v. Farry,* 23 Kas. 731; *Comm'rs of Chase Co. v. Cartter,* 30 id. 581; *Troy v. Comm'rs of Doniphan Co.,* 32 id. 507; *The State v. Horn,* 34 id. 556.)  The trial court held that under the pleadings the title to the land taken for the proposed highway was in dispute, and for that reason refused to grant the injunction.  It is true that the defendants claim the title is in controversy,

but an examination of this claim shows it is not tenable. The railway company obtained this right-of-way or easement from congress. (12 U. S. Stat. at Large, pp. 489–498, § 2; *Grinter v. Railway Co.*, supra.) The company does not own the fee. The validity of the act of congress is not contested, nor is it denied that the railway company obtained a grant of 400 feet through the Indian reservation for its right-of-way. All that is claimed upon the question of title by the defendants is that the abutting land-owners, by cultivation and inclosures, have held adverse possession of a part of the easement, or right-of-way of the railway company, for a greater length of time than that required by the statute of limitation.

In *Railway Co. v. Allen*, 22 Kas. 285, this court decided that where the railway company has only an easement, the proprietor of the soil retains the fee of the land, and his right for every purpose not incompatible with the rights of the railway company. This rule is recognized everywhere. Although the abutting land-owners have cultivated and in-

<span style="float:left">2. Railroad right-of-way, permission to cultivate— possession, not adverse.</span> closed part of the right-of-way granted by congress, this possession cannot be considered as hostile or adverse. It must be regarded as permissive only. If the fee of the land belongs to the United States, then the abutting land-owners can acquire no title or

<span style="float:left">1. Case, followed.</span> claim by possession or limitation. (*Smith v. Smith*, 34 Kas. 293.) If the abutting land-owners own the fee of the right-of-way, they may use the land in any way not inconsistent with the paramount rights of the railway company; but such use will not give them adverse possession so as to confer title. (*Kirk v. Smith*, 9 Wheat. 241; *McClellans v. Miller*, 28 Ohio St. 488; *Railway Co. v. Harris*, 28 Kas. 206; *Railway Co. v. Lewis*, 20 Am. & Eng. Rld. Cases, 196; *Sapp v. Railway Co.*, 51 Md. 115.)

Again, under the great weight of authority, neither the defendants nor the county commissioners of Wyandotte county could open or construct a public highway parallel with the track of the railway on the right-of-way granted by congress. Pierce on Railroads, page 155, states the law as follows:

"Thus, if a railroad is authorized between certain points, and if necessarily or in the usual and convenient course it will cross highways or other railroads, it may be laid across them, even without any express reference to them in the authority. Such crossing, being necessary to the enjoyment of the second grant, and not essentially impairing the first, is presumed to be authorized. But on the other hand, the right to take exclusively the location made under the first grant, or any part of it, or to lay tracks longitudinally for a considerable distance upon it, ought to be expressly conferred or implied only where otherwise effect could not be given to the second grant."

Mills on Eminent Domain, § 46, says:

"Under a general authority to condemn lands for streets, a street may be laid. out across a railroad, but not longitudinally on the railroad track. Under general laws property cannot be taken where the appropriation will destroy or impair the exercise of the franchises of another corporation, unless the power to take is given in express terms, or arises from a necessary implication. The right to lay a street across a railroad track arises from a necessary implication."

Lewis on Eminent Domain, § 266, also says:

"A general authority to lay out highways and streets is sufficient to authorize a lay-out across the right-of-way of a railroad. . . . An authority to lay out a highway across the track of a railroad company is authority to cross all the tracks at any place. But under a general authority to lay out highways, a part of the right-of-way of a railroad cannot be taken longitudinally, nor can the way be laid through depot grounds, shops, and the like, which are devoted to special uses in connection with the road and necessary to its operation, and in constant use in connection therewith."

The record does not show that the proposed highway cannot reasonably be built without appropriating the right-of-way already granted to the use of the railway company, and the petition which was presented to the board of county commissioners for the location of the highway, did not ask that it should be established upon the right-of-way of the Union Pacific railway company, but only as near to the right-of-way of the company as a good road could be made. When the

track of the railway company was first built and the business of the company was limited, all of its grant was not necessary for a right-of-way; but in giving such an extensive right-of-way, it is evident that congress intended it might be enjoyed or used by the railway company whenever its business or necessities demanded.

In the brief filed by the defendants, it is alleged that there is a defect of parties, because the board of commissioners of Wyandotte county is not joined as a defendant. We think 3. Parties—defect of, waived. the county of Wyandotte might very properly have been made a defendant at the instance of either party, or of the court, but as no demurrer was filed to the petition and as the alleged defect was not taken advantage of by answer, the defendants have waived the same. (Civil Code, §91; *Poirier v. Fetter*, 20 Kas. 47.)

Upon the findings of fact, the judgment will be reversed, and the cause remanded with direction to the court below to grant the injunction prayed for.

All the Justices concurring.