### DeSale *v.* MILLARD.

Injunction—Complainant as a Wrongdoer.

> Equity will not enjoin the closing of an alleged private alley at the suit of one who, in order to obtain a preliminary issuance of the writ, forcibly invaded the possession of the defendant, and destroyed a fence which the latter had erected for the purpose of closing the alley.

Appeal from Wayne; Donovan, J. Submitted January 29, 1896. Decided March 11, 1896.

Bill by Albert H. DeSale against William J. Millard and Thomas Martin to restrain the closing of a private alley. From a decree dismissing the bill, complainant appeals. Affirmed.

*John Galloway*, for complainant.

*James H. Pound*, for defendants.

Grant, J. The object of this suit is to enjoin defendants from closing a private alley alleged to exist in rear of the defendants' lots and the one occupied by the complainant. Complainant is a tenant, and evidently is not the real party prosecuting this suit. He was not sworn as a witness. There are four lots in the block, the defendants owning the outside lots, and complainant occupying one of the inside lots. The alley is a little less than seven feet wide.

Several defenses are raised, of which we need mention but one. The defendants contend that the alley was closed by the mutual consent and agreement of all the lot owners, in pursuance of which the defendants had erected fences at each end, closing it. It had remained so closed for several months. Complainant's agent, the active mover in the affair, was informed that he could

not serve an injunction unless the fence was down. He therefore went, tore down the fences, and then applied for a preliminary injunction, which was granted. The defendant Martin immediately, and before he had any knowledge of the suit or that any injunction was issued, restored his fence. When complainant's agent went to serve the injunction, he found the fence restored. He thereupon employed some men, provided them with axes, and proceeded to destroy the fence. Defendant Martin was present, warned him off, attempted to defend his possession by force, was overpowered, the fence destroyed, and, after this was done, the injunction was served.

The complainant was not in position to invoke the aid of a court of equity. The defendants were in possession, peaceably; and whether lawfully or unlawfully it is not material to inquire. Equity will not interfere to assist a party who has obtained possession by force. *People* v. *Simonson*, 10 Mich. 335; *McCombs* v. *Merryhew*, 40 Mich. 725; *Tawas & Bay County R. Co.* v. *Iosco Circuit Judge*, 44 Mich. 479; *Soule* v. *Hough*, 45 Mich. 418.

The decree is affirmed, with costs, but without prejudice to future proceedings.

The other Justices concurred.