MOON v. MILLS.

1. Easements—Right of Way—Obstruction of Alley—Injunction.

The owner of a perpetual right of way in a private alley on which his property abuts will not be restrained, at the suit of another abutting owner having the same rights, from maintaining therein an obstruction beneficial to himself, unless the complainant shows that he is incommoded thereby.

2. Same—Prescriptive Right.

Prescriptive rights may be acquired in land laid out for an alley.

Appeal from Livingston; Smith, J.  Submitted January 3, 1899.  Decided January 20, 1899.

Bill by Orrin N. Moon and another against Wesley J. Mills to compel the removal of obstructions from an alley. From a decree dismissing the bill, complainants appeal. Affirmed.

*Judd Yelland*, for complainants.

*W. H. S. Wood, Louis E. Howlett*, and *W. P. Van Winkle*, for defendant.

Long, J.  This bill was filed to compel the removal of a certain platform, stairway, and water-closet from and out of an alley situate between the premises of the complainants and the defendant.  The alley is 12 feet wide and 160 feet long, extending from the street to another alley at right angles with it.  The complainants' premises, which are 24 feet in width, abut in the rear upon this first alley, and extend through to East street, upon which their store fronts.  The defendant's premises, upon which there are three brick stores, face on Main street, and extend to the alley in the rear.  The obstruction complained of is a

platform 29 feet 10 inches in length, extending partly across the rear end of the second story of defendant's buildings. Leading down from the platform into the alley is a stairway about 35 inches in width. The platform is held in place by brackets fastened against the wall, 12 feet from the ground. The water-closet is beneath the stairway, and not extending so far into the alley as the stairway itself. The stairway and platform are used for the purpose of reaching the second story of defendant's buildings, these stories being used as offices, living rooms, and dressmaking parlors.

The defendant purchased his premises from the heirs of Almon Whipple, in 1880 and 1881. The alley in question also belonged to that estate. The deeds to the defendant, after describing the property, recite:

"Together with a perpetual right of way twelve feet wide, parallel with Main street, extending from Clinton street south to the alley on lot number 33 of Cowdry's addition, running parallel with Grand River street, which right of way is to be used in common by the parties of the second part, their heirs and assigns, and the owners, their heirs and assigns, of the several lots and parcels of land lying west and bordering on the above-described alleys, according to the recorded plat," etc.

Soon after the defendant purchased his premises, these three store buildings were erected, and three different stairways built in the alley leading to the upper rooms of the stores. Fires occurred in the buildings some time in 1887, when the three stairways were rebuilt. No objection seems to have been made to these obstructions by any one until the complainants purchased their property, on the opposite side of the alley, in 1897. While complainants were building their property, defendant took down the three stairways, and erected the platform and one stairway instead. No objection was made by complainants to these changes while they were being made.

The case was heard in open court, and the bill dismissed. Complainants appeal.

We think the testimony shows conclusively that the

complainants are not injured in any manner by these obstructions. The land in this alley was never dedicated to the public by any plat, and the only ones interested in the alley are those whose property abuts thereon. Under the deeds to the defendant, he has a perpetual right of way in the alley. Any encroachment must become a serious inconvenience to the parties having the right of way before it becomes a nuisance. The claim of complainants is that, as matter of law, they are entitled in a court of equity to a removal, though they show no equitable reasons why it should be so ordered. This contention cannot be sustained. The true rule is that one of the owners in common of a way, who erects an obstruction on his part, beneficial to himself, and which does not tend to incommode one who has an equal right, cannot be compelled to remove such obstruction. 19 Am. & Eng. Enc. Law, 113.

There is another reason which prevents the complainants from sustaining their claim. The defendant obtained his deeds in 1880 and 1881, and in the following year erected his buildings, and from that time to the present has occupied the alley by the stairways erected in the alley in the rear of these buildings. There has been a continued, uninterrupted use of the alley by the stairways, under a claim of right, for more than 17 years prior to the time of filing the present bill. Prescriptive rights may be acquired in an alley, though it was laid out as such. *Vier* v. *City of Detroit*, 111 Mich. 646. Title may be acquired to a public highway by adverse possession. *Village of Essexville* v. *Emery*, 90 Mich. 183.

The court below was correct in dismissing complainants' bill. That decree will be affirmed, with costs.

The other Justices concurred.