CITY OF MT. CLEMENS *v.* MT. CLEMENS SANITARIUM CO.

1. MUNICIPAL CORPORATIONS — STREETS — OBSTRUCTION — INJUNCTION.

A bill by a city to restrain the obstruction of a public street will not be dismissed, and the city remitted to an action of ejectment, merely because the premises are in the possession of the defendant.

2. SAME—DEDICATION AND ACCEPTANCE.

Where land was platted by the owner, the plat recorded, and lots sold by him according thereto, and the plat was accepted by resolution of the village council, and a street

shown thereon subsequently used by those having occasion to use it, such street became a public way by dedication *in pais* and acceptance, although the plat was not acknowledged in the manner required by the statute, and although the land (being a *cul-de-sac*) was for a time inclosed by the adjoining proprietors, and used for their own purposes.

3. SAME—ADVERSE POSSESSION.

While title to land within the limits of a public highway may be acquired by adverse possession, all of the essential elements of such a possession must be clearly established.

Appeal from Macomb; Eldredge, J. Submitted February 12, 1901. Decided June 17, 1901.

Bill by the city of Mt. Clemens against the Mt. Clemens Sanitarium Company, Limited, to restrain the obstruction of a public street. From a decree for complainant, defendant appeals. Affirmed.

*O. C. Lungerhausen*, for complainant:

There was a complete dedication *in pais* and acceptance of the streets shown by the plat. 1 Comp. Laws, § 3383; *Baker* v. *Johnston*, 21 Mich. 340; *White* v. *Smith*, 37 Mich. 291; *Plumb* v. *City of Grand Rapids*, 81 Mich. 381, 392 (45 N. W. 1024); *Village of Grandville* v. *Jenison*, 84 Mich. 54, 66 (47 N. W. 600); *Ruddiman* v. *Taylor*, 95 Mich. 547 (55 N. W. 376); *Alton* v. *Meeuwenberg*, 108 Mich. 629 (66 N. W. 571); *Conkling* v. *Village of Mackinaw City*, 120 Mich. 67 (79 N. W. 6); *Gage* v. *Township of Pittsfield*, 120 Mich. 436 (79 N. W. 687).

*Byron R. Erskine*, for defendant:

Cited to the contrary: *People* v. *Jones*, 6 Mich. 176; *Tillman* v. *People*, 12 Mich. 405; *Baker* v. *Johnston*, 21 Mich. 344, 345; *County of Wayne* v. *Miller*, 31 Mich. 449; *Field* v. *Village of Manchester*, 32 Mich. 279; *Supervisors of Cass Co.* v. *Banks*, 44 Mich. 477 (7 N. W. 49); *Diamond Match Co.* v. *Village of Ontonagon*, 72 Mich. 257 (40 N. W. 448); *City of Detroit* v.

*Beecher,* 75 Mich. 469 (42 N. W. 986); *Village of Grandville* v. *Jenison,* 84 Mich. 67 (47 N. W. 600); *State* v. *Trask,* 6 Vt. 355 (27 Am. Dec. 554); *Bushnell* v. *Scott,* 21 Wis. 451 (94 Am. Dec. 555); *Morgan* v. *Railroad Co.,* 96 U. S. 716; *Bridge Co.* v. *Bachman,* 66 N. Y. 261.

Hooker, J.   The city of Mt. Clemens filed the bill in this cause to prevent the defendant from appropriating to its own use for the site of its building a parcel of land which the city claims to have been dedicated to the public for a city street by a former proprietor.   The land was platted in 1874, and there is evidence clearly showing an acceptance of the plat by the common council.   The dispute arises as to that portion of Greiner street, forming a *cul-de-sac,* between blocks 1 and 2 of Greiner's addition, which, respectively, lie east and west of the street.   The defendant owns a portion of each of said blocks, and proposes to use it for a site for its sanitarium, and this, if done, would obstruct, and effectively close up, the street. The evidence indicates that this portion of the street was used but little, and that, about the time that defendant purchased the land, it claimed that the dedication was not valid; but, to cut off any dispute, an attempt was made to induce the common council to vacate this part of the street, or in some way surrender any public rights therein, but the measure failed to pass the council.   It is claimed, and there is perhaps little doubt, that the refusal to do this was based upon an understanding on the part of the council that there was no street to vacate; but this does not signify, as a vacation of the street cannot be thus accomplished.   Some months before this suit was instituted, the defendant put a wire fence across the street, thus making the disputed portion a part of its inclosure. Subsequently the city highway officers forcibly took possession and destroyed the fence, and did some grading, a collision of some violence occurring at the time between them and defendant's agents.   Soon after, defendant

replaced the fence, and restored the premises to their former condition, and was in possession at the time that this suit was commenced to compel the removal of the obstruction and prevent the erection of the building in the street.

Counsel for the defendant makes the claim that the form of action is inappropriate, and that the defendant has a right to have its claim to title tried in ejectment. It is the rule that a bill to quiet title does not lie at the suit of one not 'in possession, and we have held that it will not lie in behalf of one who has taken possession by force for the purpose of filing such bill. See *Watson* v. *Brewing Co.*, 61 Mich. 595 (28 N. W. 726); *Wakefield* v. *Mining Co.*, 85 Mich. 622 (49 N. W. 135); *Lillie* v. *Snow*, 118 Mich. 613 (77 N. W. 241). And it was applied to one who sought to restrain the closing of a private alley, where the complainant had forcibly invaded the premises, and destroyed a fence which defendant had erected for the purpose of closing the alley. *De Sale* v. *Millard*, 108 Mich. 581 (66 N. W. 481). This bill is filed for a different purpose, viz., to compel the defendant to desist from obstructing a public way. It is a common method of abating a public nuisance, and we have in several instances granted relief upon such bills where the defendants have been in possession. 3 Pom. Eq. Jur. § 1349; *State* v. *Goodnight*, 70 Tex. 682 (11 S. W. 119); *Mayor, etc., of Jersey City* v. *Railroad Co.*, 40 N. J. Eq. 417 (2 Atl. 262); *City of Eau Claire* v. *Matzke*, 86 Wis. 291 (56 N. W. 874, 39 Am. St. Rep. 900); *City of Big Rapids* v. *Comstock*, 65 Mich. 78 (31 N. W. 811); *Village of Grandville* v. *Jenison*, 84 Mich. 54 (47 N. W. 600); *Village of Essexville* v. *Emery*, 90 Mich. 183 (51 N. W. 204); *Village of Red Jacket* v. *Pinton*, 126 Mich. 194 (85 N. W. 567).

Our investigation of the record leads us to the conclusion reached by the learned circuit judge who tried the cause: The plat and the subsequent conduct of the proprietor clearly indicate a design to dedicate this land for the purpose of a street, and the resolution of the council shows as clear an intention to accept the dedication. The

street was subsequently used by those who had occasion to use it for a time, and the testimony that it was afterwards closed up and used for agricultural purposes, to the exclusion of the public, is not conclusive either of the fact (for it is disputed) or of the intention on the part of the owners to make more than a temporary use of it.  There was a good dedication *in pais*, even if the plat was informal, and a valid acceptance; and we think that title by adverse possession on the part of the defendant and its grantors is not proved.  Public rights are peculiarly subject to infringement, because of the proverbial indisposition of the public to resent every aggression or invasion of its rights; and this is especially true as regards its highways.  So long as an encroachment does not prevent use altogether, travelers are prone to put up with the inconvenience, and pass on.  The propriety of permitting title to be obtained in this way to the public highways is of more than doubtful expediency, and is not common in other jurisdictions, though sanctioned here, when it is clearly established.  Our views upon this subject were expressed in the case of *Village of Red Jacket* v. *Pinton*, which was a similar case in many respects.

The decree is affirmed, with costs.

The other Justices concurred.