[No. 3953.   Decided April 17, 1902.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*, v.. AUGUST HASSE *et al., Appellants.*

ADVERSE POSSESSION — RAILROAD RIGHT OF WAY.

Where a homestead entry was made upon land through which. the Northern Pacific Railroad Company was entitled to a right of way 400 feet in width by the act of congress of 1864, the land. inclosed and cultivated by the entryman, and the inclosure forcibly broken by the railroad company for the construction of its line of railway, the attitude of the parties was hostile from the· inception of the right, and the occupation and cultivation there-' after by the entryman of such portions of the right of way as were not in actual use by the railway would constitute adverse possession. (*Northern Counties Investment Trust v. Enyard*, 24 Wash. 366, limited).

SAME — APPLICATION OF STATUTE OF LIMITATIONS AGAINST PUBLIC GRANTS.

Under Bal. Code, § 4807, which provides that the limitations prescribed for the commencement of actions "shall apply to actions brought in the name of the state, or any county or other· public corporation therein, or for its benefit, in the same manner as to actions by private parties," title by adverse possession may be acquired under the statute of limitations as against a railroad right of way, although granted by act of congress.

Appeal from Superior Court, Kittitas County.—Hon.. JOHN B. DAVIDSON, Judge.   Reversed.

*Pruyn & Slemmons,* for appellants.

*B. S. Grosscup* and *A. G. Avery,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action in ejectment by the Northern Pacific Railway Company, plaintiff, against Hasse and wife, defendants. The complaint is in the ordinary form, and alleges the grant of a right of way of 400 feet, under the act of congress of July 2, 1864 (13 St. at Large 365); that the defendants are in possession of portions of such right of way on each side of the constructed railway line, which have not been used by the company heretofore for its right of way, and that such possession is wrongful. The answer alleged title in the defendants by adverse possession. At the trial of the cause the facts were undisputed, and, in substance, as follows: That defendants settled upon the premises on May 27, 1883, under a homestead application, made final proof in the year 1888, and received a patent therefor on the 27th day of September, 1889; that prior to the year 1886 defendants had constructed substantial improvements, including their dwelling house, and a substantial portion of the tract was inclosed and cultivated; that in the year 1886 the plaintiff's predecessor, the Northern Pacific Railroad Company, constructed its line of road through the premises; that at the time of the entry of the company upon said premises for construction of its line of road it broke the inclosure of appellants, and entered upon cultivated land, during the temporary absence of defendants; that thereafter it erected crossings joining the exterior fences of appellants as the line ran through, and has since maintained such crossings; that appellants have maintained their complete inclosure of the premises, and farmed and cultivated all the land up to the constructed line, which has ditches

upon each side of the track, until the commencement of this action in June, 1900; that defendants have paid the taxes on the entire premises without any deduction for right of way ever since final proof was made; and it is also shown that the railway company has paid taxes on its entire right of way. Upon these facts, the superior court withdrew the cause from the jury, and determined, as a matter of law, that judgment must go for plaintiff. From such judgment in favor of plaintiff, defendants have appealed.

The error assigned is in entering judgment for defendants. It is urged by counsel for defendants that the plea of the statute of limitations should have been sustained, and this is the vital question in the controversy. It will be·observed that defendants, in 1886, at the time the entry of the plaintiff was made upon the right of way through the premises, were in actual possession under a homestead application, with an inclosure and improvements. The manner in which plaintiff's predecessor entered was technically forcible. The fencing and improvements certainly belonged to the defendants. In *Flint & P. M. Ry. Co. v. Gordon*, 41 Mich. 420 (2 N. W. 648), the court declared:

"The improvements on the land are certainly his own, and if these or any portion thereof are appropriated, he is entitled to compensation."

But the facts show that the company actually entered upon and has occupied only so much of the right of way as is in actual use for the operation of its line. The defendants have occupied and been in the open possession under a claim of right of the area of land now in controversy since 1883, and for over ten years had a patent conveying title without reservation. The position assumed by counsel for plaintiff is that the statute of lim-

itations does not run against the right of way granted to plaintiff. Under this proposition the authorities do not seem to agree very well. Among those supporting the contention of plaintiff, as fairly illustrating its position, may be mentioned; *Union Pacific Ry. Co. v. Kindred*, 43 Kan. 134 (23 Pac. 112); *Slocumb v Chicago, B. & Q. Ry. Co.*, 57 Iowa, 675 (11 N. W. 641); *Railway Co. v. Telford's Ex'rs*, 89 Tenn. 293 (14 S. W. 776, 10 L. R. A. 855); *Noll v. Dubuque, etc., R. R. Co.*, 32 Iowa, 66; *Southern Pac. Co. v. Hyatt*, 132 Cal. 240 (64 Pac. 272, 54 L. R. A. 522). And it is insisted that the case of *Northern Counties Investment Trust v. Enyard*, 24 Wash. 366 (64 Pac. 516), determined by this court, is decisive in favor of plaintiff. It is true that the expressions in the latter case give much force and color to the argument. We think, upon further review and consideration of the question, that the court went too far in its acquiescence in the reasoning of some of the authorities before it at the time. In that case it was said, upon the facts found by the trial court:

"The uses for the right of way in connection with the operation of the railroad may be many. It may require a use for additional stations or side tracks. The company must so use its right of way as to reasonably prevent the communication of fires in the operation of its engines. Many of these uses, it will be observed, need not necessarily be made by the company when its line is first constructed. They must all be regarded, however, as in contemplation of the grant of the right of way. The clearing, cultivation, and fencing of a portion of the right of way not in use at the time would not seem to be inconsistent with the continuing rights of the company. We do not think the acts of possession of appellant's grantors were such as to notify the company of an adverse claim to the strip of land in controversy. Such occupancy and use by appellant may be regarded as per-

missive. We think upon this ground alone appellant has failed to show sufficient title to maintain its action. Arriving at this conclusion, it is not necessary to discuss some other important objections argued by counsel for respondents."

But the facts in the case differ somewhat from those now under consideration. There the owners of the land granted 400 feet of right of way to the Northern Pacific Railroad Company. The company thereafter located its line of road across the premises, and continued to operate the same. Thus the entry in that case was by the consent of the grantor and it was observed:

"It would seem, at any rate, to require some act upon the part of the owner of the servient estate which actually prevents the use of the right of way when required for the purposes of the railroad company, to give notice of adverse claim of right."

In the present case the attitude of the parties has been hostile from the inception of the right. But we do not think, upon principle, and what we now regard as the better authority, that the right of way of a railroad company is excepted from the running of the statute of limitations in this state. The same contention was made in the case of *Northern Pacific Ry. Co. v. Ely,* 25 Wash. 384 (65 Pac. 555, 54 L. R. A. 526). It was there observed:

"It is the contention of the appellant that the statute does not run against it, for the reason that the right of way is granted in the interest of the public, and that it would be against public policy to allow the company to alienate its right of way, thereby depriving it of the power to carry on the business in aid of which the franchise was granted, and that it must necessarily follow that, if the company could not alienate its lands, public policy would equally prevent an alienation through process of law; that the statute of limitations presupposes a grant by the true owner; and the appellant's predeces-

sor having been the true owner, and the title to the land having been acquired by the defendants subsequent to the acquiring of title by the appellant, that no grant by the true owner had ever been made, and consequently that the statute of limitations did not apply. The statute of limitations, we think, is not based upon such a thought, but is purely and essentially a statute of repose, in the interest of the stability of titles and of good morals. One holding land adversely to the rights of another can be divested only by the action of the other, even with a better right, within the time prescribed by the statute of limitations; and this is true, even though he may have originally entered under a void grant or sale. But his claim ripens into a perfect title and becomes absolute, if such possession is not disturbed within the time prescribed. As is said by 3 Washburn on Real Property (5th ed.), p. 176: 'The operation of the statute takes away the title of the real owner, and transfers it, not in form, indeed, but in legal effect, to the adverse occupant. In other words, the statute of limitations gives a perfect title. The doctrine is stated thus strongly, because it seems to be the result of modern decisions, although it was once held that the effect of the statute was merely to take away the remedy, and did not bind the estate, or transfer the title.' That the statute of limitations is a statute of repose has been decided by all modern authority, including many decisions from this court. See *Wickham v. Sprague*, 18 Wash. 466 (51 Pac. 1055)."

See, also, *Illinois Central R. R. Co. v. O'Connor*, 154 Ill. 533 (39 N. E. 563); *Matthews v. Lake Shore & M. S. Ry. Co.*, 110 Mich. 170 (64 Am. St. Rep. 336, 67 N. W. 1111); *Gregory v. Knight*, 50 Mich. 61 (14 N. W. 700); *Coleman v. Flint & P. M. R. R. Co.*, 64 Mich. 160 (31 N. W. 47); *Big Rapids v. Comstock*, 65 Mich. 78 (31 N. W. 811); *Donahue v. Illinois Central R. R. Co.*, 165 Ill. 640 (46 N. E. 714); *Illinois Central R. R. Co. v. Houghton*, 126 Ill. 233 (18 N. E. 301, 1 L. R. A. 213, 9 Am. St. Rep. 581). The statute for the re-

covery of real property or the possession thereof is § 4797, Bal. Code, as follows:

"The period prescribed in the preceding section for the commencement of actions shall be as follows:—Within ten years,—1. Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within ten years before the commencement of the action."

Section 4807, Id., is as follows:

"The limitations prescribed in this chapter shall apply to actions brought in the name of the state, or any county or other public corporation therein, or for its benefit, in the same manner as to actions by private parties. An action shall be deemed commenced when the complaint is filed."

It may be clearly observed that under this statute there is no exception in favor of the state or public rights saving them from the application of the statute.

The judgment is reversed, with direction to the superior court to enter judgment in favor of appellants dismissing the action.

WHITE, FULLERTON, HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.