DETROIT MINERAL BATH CO. *v.* STROH BREWERY CO.

1. INJUNCTION—PROPRIETY—RESTRAINING OBSTRUCTION OF ALLEY —SUMMARY ABATEMENT.

A bill will lie to restrain the wrongful obstruction of a public alley notwithstanding the impropriety of complainant's summary abatement of the obstruction.

2. SAME—TITLE TO LAND—RIGHT TO TRIAL AT LAW.

Where defendant threatens to obstruct a public alley, complainant has a right to have the obstruction restrained notwithstanding the claim that the title to the land may be said to be in dispute and that defendant is entitled to a trial of that question in an action at law, and the bill will lie even if defendant is in possession of the premises.

Appeal from Wayne; Donovan, J. Submitted January 20, 1908. (Docket No. 91.) Decided March 17, 1908.

Bill by the Detroit Mineral Bath Company against the Stroh Brewery Company to enjoin the closing of an alley. From a decree for complainant, defendant appeals. Affirmed.

*F. J. Cochran* (*T. T. Leete, Jr.*, of counsel), for complainant.

*William E. Henze*, for defendant.

HOOKER, J. Complainant and defendant own adjoining city lots. The former claims rights of passage over the rear ten feet in width upon two grounds:

1. That it was a public way by dedication and user.
2. That complainant had a private right of way over it, by deed and by user.

The defendant denies both of these claims, and also asserts that the bill should be dismissed for the reason that complainant forcibly interfered with defendant's exclusive possession for the purpose of obtaining an injunc-

tion to protect complainant in the advantages obtained thereby, citing *De Sale* v. *Millard*, 108 Mich. 581.

The annexed plat illustrates the premises.   On July 25,

1854, one De Witt C. Holbrook owned the entire block, including eight lots, and on that day executed a deed of lots 2 to 8 to one Perrin, which contained the following:

"This deed is made subject to the opening at any and all times and to free use of an alley 20 feet wide by taking 10 feet in width of the rear end of each of said lots for that purpose."

Lot 2 came to the complainant by deed dated April 11, 1906, containing the following:

"Excepting such part of said lot so described as has been taken for the alley, now opened and used, in the rear thereof."

It commenced the erection of buildings thereon in June,

1906. Defendant purchased lot 1 about six years before. We do not find its deed in the record, and have no means of knowing whether it contained any reference to an alley.

Shortly before complainant commenced its building, and in May, 1906, according to defendant's testimony, it built a fence closing up the passageway in the rear of its building on lot 1, first asking complainant's representative whether it wanted to buy the property. The fence stood there until January, 1907, when it was taken down by complainant's agent upon a Saturday, and the temporary injunction was served the following Monday, on the filing of the bill in this case. It was understood between complainant and its counsel that the suit should be commenced as soon as the fence should be removed. At the time the fence was removed defendant was in possession of the ground within the fence and was using it as a chicken yard.

An examination of the testimony has convinced us that the defendants had obstructed a public alley which the complainant at the time of the removal of the fence found it necessary to use in drawing coal. This is not an action of trespass, in which we are called upon to try the question of its right to remove the fence or the propriety or the impropriety of the method of removal. The bill is filed to restrain defendant from maintaining a nuisance, thereby preventing complainant from using a way, by obstructing it, and we cannot think that the law would justify us in penalizing him, by the denial of a clear right, for what we might consider an improper (if it was an improper) summary abatement of the nuisance. See *Leete v. Rooney*, 127 Mich. 92; 2 Wood on Nuisances (3d Ed.), pp. 942, 956, 959; *Lawton v. Steele*, 119 N. Y. 226 (7 L. R. A. 134); Joyce on Nuisances, chap. 17. It is enough that we are able to say that the defendant wrongfully threatens to obstruct the way, and that complainant has a right to have it restrained notwithstanding the claim that the title to the land may be said to be in dispute, and

that defendant is entitled to a trial of that question in an action at law.    This bill would lie, even if the defendants were in possession of the premises.   *City of Mt. Clemens v. Sanitarium Co.*, 127 Mich. 118; *Lathrop* v. *Elsner*, 93 Mich. 599; *Wilmarth* v. *Woodcock*, 58 Mich. 482, 66 Mich. 331; *Campbell* v. *Kent Circuit Judge*, 111 Mich. 575; *F. H. Wolf Brick Co.* v. *Lonyo*, 132 Mich. 162; *Rhoades* v. *McNamara*, 135 Mich. 644.

The decree is affirmed, with costs.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and CARPENTER, JJ., concurred.