No. 26,444.

J. P. SANDBURG et al., *Appellants*, v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF WYANDOTTE and THE UNION
PACIFIC RAILROAD COMPANY, *Appellees*.

#### SYLLABUS BY THE COURT.

HIGHWAYS—*Construction Under Benefit District Plan—Legally Established
Road.* Under the statute (R. S. 68-703) a road, hard-surfaced or otherwise,
improved under the benefit district plan, must be on a legally established
public road. When a part of such a road is situated longitudinally upon the
right of way of a railroad company, and such company has, by a long-time
lease at nominal rent, consented to such use of that portion of its right of
way for highway purposes, *held*, the statute has been sufficiently complied
with to justify a refusal to enjoin the improvement of the road.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed May 8, 1926. Affirmed.

*James M. Meek* and *James F. Getty*, both of Kansas City, for the appel-
lants; *James T. Cochran*, of Kansas City, of counsel.

*J. H. Brady*, county counselor, and *T. F. Railsback*, of Kansas City, for
the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit by resident taxpayers of a road benefit
district to enjoin the county commissioners of Wyandotte county
from improving a road. The trial court sustained a demurrer to
the petition, and plaintiffs have appealed. The Union Pacific Rail-
road Company was made a party defendant and filed a separate
demurrer; but this branch of the case is not before us.

A petition in due form, signed by the requisite number of prop-
erty owners in the proposed benefit district, was presented to the
board of county commissioners, praying for the improvement by
grading, draining and hard-surfacing of what is known as the
Golden Belt or Kaw Valley road from Muncie to Bonner Springs.
The petition was considered and approved, and the necessary steps
were being taken to make the improvement, when this suit was
brought. For some three miles the route of the road is upon the
right of way of the Union Pacific railroad. It is the contention of
plaintiffs that the proposed route for such distance is not a regularly
laid out, dedicated and established highway, and that defendants
have no authority in law to make such improvements on any other

Highways, 29 C. J. pp. 456 n. 69, 589 n. 68.

than a regularly dedicated or established highway. The pertinent statute reads:

" . . . When the petition filed for the improvement of a road describes a road which has not been legally established as a public road, . . . the board of county commissioners shall by order of said board lay out, alter or widen a public road and may vacate an existing road. All land required for the laying out, widening or altering of a road shall be acquired by the board of county commissioners by purchase or by donation: *Provided,* That if the owner or owners of the land shall refuse to sell or donate said land, the board of county commissioners are hereby authorized to exercise the right of eminent domain in the following manner: . . . " (R. S. 68-703.)

It is the rule in this state, and generally, that in the ordinary proceedings for laying out a road the same cannot be located longitudinally upon the right of way of a railroad. (*U. P. Rly. Co. v. Kindred,* 43 Kan. 134, 135, 23 Pac. 112; *State, ex rel., v. Paul,* 112 Kan. 826, 832, 213 Pac. 165, and authorities there cited.)

But the petition in this case, among other things, alleges in substance that Wyandotte county is lessee for highway purposes from the Union Pacific Railroad Company of the portion of the road proposed to be improved upon its right of way, under a long term lease at a nominal rental, which lease contains a provision in substance that it may be terminated by the lessor upon giving notice for a stated time, and if so terminated the lessor shall then provide the county with other right of way for a highway and put it in as good condition as the present highway is in at the time of terminating such lease.

The petition in this case also alleges that the road proposed to be improved is "the main traveled road leading west from Kansas City." It was said in oral argument that it has been used as a highway since the early settlement of the state. The legislature has repeatedly recognized this as a highway, and authorized its improvement (Laws 1899, ch. 276; Laws 1901, ch. 300; Laws 1911, ch. 329), and it was said in oral argument that much money has heretofore been spent upon grading, draining and improving the highway. The existence of this highway and some of its history were discussed in *Dubourdieu v. Delaware Township,* 106 Kan. 650, 656, 189 Pac. 386. But plaintiffs argue that if the county commissioners have no authority to lay out a road longitudinally upon the right of way of the railroad (*U. P. Rly. Co. v. Kindred,* supra), it necessarily follows that no such highway could be established by prescription. For the purposes of this case this argument may be con-

ceded, but the only party who could complain about that would be the railroad company. The right of way of the railroad company at the place under consideration is 400 feet wide. It does not need at this time all of the land for its railroad purposes. It has been specifically authorized by congress to grant the use of a part of its right of way for highway purposes. (41 U. S. Stat. 304, act of Oct. 22, 1919; 41 U. S. Stat. 621, act of May 25, 1920.) It has consented to the use of a portion of its right of way not now needed for railroad purposes for a highway by executing a lease for that purpose to the board of county commissioners. From the very nature of things likely it will be many years before the railroad company will need this particular part of its right of way for railroad purposes, if it ever does. We regard the arrangement the county commissioners have made with the railroad company as being a substantial compliance with the statute. (R. S. 68-703.)

But plaintiffs contend that the lease from the railroad company to the county is *ultra vires,* for the reason that it provides that if and when the lease is terminated the lessor will provide other right of way for a highway and improve it in as good condition as the highway then is; and plaintiffs contend that the present contemplated improvements would cost $40,000 per mile; that if the lessor were to carry out this provision of the lease it would have to do so at an expense of more than $120,000; that the nominal rent which it receives would not compensate the lessor or justify it in making such an expenditure. We need not decide that question. The parties who would be bound by such a decision are not before the court. The lease does confer a present right to use this portion of the right of way for highway purposes. We shall not presume that it is invalid or that it was not entered into in good faith. Should a controversy later arise over this provision in the lease, no doubt it can be determined equitably among the parties.

Some other questions are argued, but in view of the conclusion reached it will not be necessary to discuss them.

The judgment of the court below is affirmed.