### JOHNSON v. SQUIRES.

1. BOUNDARIES—ACQUIESCENCE.
    Acquiescence which follows the resolving of a doubt as to where the line is or the settlement of a bona fide controversy and which settlement contemplates an agreed line with fixed and maintained monuments establishes a line and the acquiescence need not continue for the statutory period.

2. SAME—ACQUIESCENCE FOR STATUTORY PERIOD.
    Acquiescence in a boundary line for 15 years fixes the boundary regardless of whether there had been a bona fide controversy as to the boundary.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4]  8 Am Jur, Boundaries § 80.
[1–4]  Establishment of boundary line by oral agreement or acquiescence.  69 ALR 1430; 113 ALR 421.
[5]  8 Am Jur, Boundaries § 91.

3. SAME—ACQUIESCENCE—TACKING.
    Acquiescence of predecessors in title can be tacked on that of the parties and if the whole period of acquiescence exceeds 15 years, the line is fixed, regardless of existence of bona fide controversy as to the boundary.

4. SAME—ACQUIESCENCE.
    Acquiescence in a boundary line for statutory period ought not to be disturbed on new surveys.

5. SAME—ACQUIESCENCE—FINDING OF COURT—EVIDENCE.
    Finding of trial court in nonjury ejectment case that parties to present action and their predecessors had acquiesced in existing boundary line, as claimed by defendants, *held*, supported by sufficient competent evidence.

Appeal from Mecosta; Pugsley (Earl C.), J. Submitted December 10, 1955. (Docket No. 93, Calendar No. 46,607.) Decided March 1, 1956.

Ejectment by Albert L. Johnson and Ethel F. Johnson against William D. Squires and Noreen Squires, George Schraw and Emma Schraw. Judgment for defendants. Plaintiffs appeal. Affirmed.

*James M. Teahen, Jr.,* for plaintiffs.

*Nuel N. Donley,* for defendants.

SMITH, J. This is an ejectment action. Plaintiffs Johnson seek to establish ownership to a parcel of land located in lot 1, section 28, town 15 north, range 8 west, Mecosta county.

Plaintiffs claim title by virtue of a conveyance on October 13, 1948, from Adam Ed Friedel, who was the last record title holder. Defendants Schraw claim title by a conveyance dated May 31, 1944, from the Lidells and Lundbergs, their immediate grantors. Defendants Squires are land contract purchasers from defendants Schraw. It is conceded that there is no dispute as to the record title of either of the-

parties and that plaintiffs' and defendants' title stems from the common grantor, Adam Ed Friedel.

Defendants, in their answer, claim that the property in dispute had been possessed and occupied by them and their predecessors in title for some 40 years. The cause came on for trial on May 24, 1954, and was heard by the court without a jury. At the conclusion of the testimony and proofs the court was of the opinion that plaintiffs could not recover and rendered a judgment of no cause of action in favor of the defendants. Plaintiffs, on August 26, 1954, filed a motion for a new trial on the ground that the verdict was contrary to law and the great weight of the evidence; that the court erred in holding that acquiescence in the present boundary line had been established, erred in admitting certain testimony as to what plaintiffs expected by the purchase of the property, and erred in the court's examination and cross-examination of the witness. Upon stipulation of counsel, plaintiffs' motion for a new trial was submitted upon the pleadings.

On September 14, 1955, the trial judge filed an opinion denying plaintiffs' motion for a new trial, in which it is stated:

"One factor in the controversy arises as to correct location of the section line between sections 21 and 28 in Martiny township, Mecosta county, Michigan. It was the decision of this Court, after hearing all of the proofs, that the defendants were in possession at the time the plaintiffs claimed to have acquired title; that their possession was obvious to the plaintiffs; that the plaintiffs admitted upon the stand that they did not know where the boundary line was but that they did not expect or think they were acquiring title to some of the land which they now claim on which a cottage had been previously erected and was there located at the time of their purchase. It was further obvious to the court that their claim

is based upon a survey made since they acquired title, which, if correct, establishes boundaries other than those which they must have recognized at the time they made their purchase and of land then occupied by the defendants.

"The decision of the court is predicated upon a finding as to the law that the plaintiffs cannot claim title through the making of a survey which would establish a boundary line not previously agreed upon between the parties and in conflict therewith.

"There is no merit to the claim made that the court erred in a cross-examination of one of the plaintiffs.

"This case was heard before the court without a jury. It became the duty of the court to decide both the facts and the law. In so doing, it was within the province and the duty of the court to try to obtain the truth. The plaintiff cannot complain because the answers made by him to the questions propounded by the court were detrimental to his own interests and in conflict with the claims made as the basis of his lawsuit."

The plaintiffs have taken a general appeal from the judgment of no cause of action entered June 5, 1954, and urge that the trial court erred in holding that: 1) defendants had established boundary lines by acquiescence, 2) in allowing testimony by witnesses as to where they regarded and supposed the section would be located.

Although the controversy, basically, involves the location of a lost section corner as established by the United States government survey, and a section line drawn in relation thereto, we are not called upon to fix their geographical locations. Our problem is whether or not a boundary was established by acquiescence. Plaintiffs say not, contending "that in order to find acquiescence there must be evidence of a dispute followed by argument of the interested parties upon a line or boundary and continued acquiescence or acceptance thereafter," and that "the

mere fact that nothing happened over the line for a period of years does not constitute acquiescence."

In so contending, plaintiffs urge upon us that *Warner* v. *Noble,* 286 Mich 654, is controlling. We do not so regard it. In the *Warner Case,* plaintiff claimed title to a triangular piece of land (which was part of defendant's lot) by adverse possession. The plaintiff had mistakenly built his house on part of defendant's land as disclosed by a later survey. The Court held that a decree for the plaintiff on the basis of title acquired by adverse possession was unwarranted, but was careful to note that (p 661):

"There was no mutual agreement between the parties that this was the line. There was no concession by one to the other that the disputed strip belonged to one party or the other. Each of the owners claimed to the true line."

In the case at bar an unlike situation obtains. The basic source of the difficulty respecting the boundary lines here arises from the fact that the marker for the section line is in the middle of the bay of Horsehead lake, having been put down through the ice in the lake. A question had arisen in 1919 "relative to the section line." We need not characterize the question as having reached the stage of a dispute. But it seems clear that doubts concerning boundaries had arisen and that interested parties were desirous of a resolution thereof. "The freeholders back in 1919 wanted those questions settled once and for all," testified one witness. The survey was made and "I didn't hear any more about those lines until 6 years ago." Plaintiffs urge that this testimony does not establish the survey as covering the line in question; there is no doubt that it lacks clarity in certain areas, but its weight, as well as that of the testimony concerning acquiescence in tacit agreement that a row of trees marked a

boundary line, was for the trial judge sitting, as he was, without a jury.

We had occasion, in the case of *Renwick* v. *Noggle,* 247 Mich 150, to examine the doctrine of acquiescence in the establishment of boundary lines and we there held (p 152):

"The rules for establishment of a boundary line by acquiescence are summarized by Mr. Justice Fellows in *Hanlon* v. *Ten Hove,* 235 Mich 227, 231, 232 (46 ALR 788):

" 'While acquiescence alone is not a defense, if acquiescence follows the resolving of a doubt as to where the line is or the settlement of a bona fide controversy, which settlement agreement contemplates an agreed line, and the monuments of such line are fixed and maintained thereafter, such line so established and acquiesced in is the line, and the acquiescence need not continue for the statutory period; *likewise where the line is acquiesced in for the statutory period it is also fixed.*'

"In that case it was held that the acquiescence of predecessors in title can be tacked on that of the parties, and if the whole period of acquiescence exceeds 15 years, the line becomes fixed, regardless of whether there had been a bona fide controversy as to the boundary."

See, also, *Dubois* v. *Karazin,* 315 Mich 598.

In *Gregory* v. *Thorrez,* 277 Mich 197, 201, 202, also, the Court quoted with approval the following from *Dupont* v. *Starring,* 42 Mich 492, 494:

" 'It has been repeatedly held by this Court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys. *Smith* v. *Hamilton,* 20 Mich 433, 438 (4 Am Rep 398); *Joyce* v. *Williams,* 26 Mich 332. Fifteen years' recognition and acquiescence are ample for this purpose (*Stewart* v. *Carleton,* 31 Mich 270); and in view of the great difficulties which often attend the effort to ascertain where the original monu-

ments were planted, the peace of the community re-
quires that all attempts to disturb lines with which
the parties concerned have long been satisfied should
not be encouraged. *Diehl* v. *Zanger,* 39 Mich 601.'"

Without further summarizing the testimony, it
seems undisputed that the predecessors in title of
the plaintiffs and defendants recognized and ac-
quiesced in the existing boundary line. The trial
court so found and correctly so. We cannot say upon
examination of this record that the evidence clearly
preponderates in the opposite direction. There
is sufficient and competent evidence from which the
trial court sitting as a jury could find acquiescence.

Affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, REID, BOYLES,
KELLY, and CARR, JJ., concurred.

BLACK, J., took no part in the decision of this case.