*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN T. FINLEY, INC.,

Plaintiff/Counterdefendant-Appellee,

v

JANICE G. CURTIS, Trustee of the JANICE G. CURTIS LIVING TRUST,

Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
October 20, 2022

No. 359249
Benzie Circuit Court
LC No. 21-011511-CK

Before: MARKEY, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting plaintiff's motion for summary disposition under MCR 2.116(C)(8) and (10) with respect to this boundary dispute. We affirm.

## I. BACKGROUND

Plaintiff and defendant own adjoining parcels of real property that abut the shoreline of Crystal Lake in Benzie County. A fence in the area of the parcels had been erected in 1951 by defendant's familial predecessors in title, but it was torn down in 2018. In August 2020, defendant installed a new fence in the same location where the old fence had been situated. Plaintiff filed its complaint on March 31, 2021, alleging that "[d]efendant erected a fence that is outside of its property's boundary line and encroaches on [p]laintiff's property." Count I of the complaint alleged trespass. In Count II, plaintiff sought a permanent injunction. And Count III requested declaratory relief and an order to quiet title. In support of its allegations, plaintiff attached a certified survey prepared and executed by Patrick Bentley of Spicer Group, Inc., that was performed in December 2020.

Defendant filed an answer, affirmative defenses, and a counterclaim. In the answer, defendant asserted that plaintiff's survey "incorrectly identifies the boundary lines between the subject properties." Defendant attached an uncertified and unsigned "survey" by Crystal Surveying, LLC. But it stated that the "drawing is intended to show only the 'existing conditions' of the . . . properties for illustrative and discussion purposes[, and] it is not intended to be a

-1-

boundary survey of their lands." (Original in all caps.)[1] In her affirmative defenses, defendant contended that "[p]laintiff's claims fail due to the doctrine of adverse possession and/or the doctrine of acquiescence." There was no elaboration, and the reference to adverse possession and acquiescence appeared to be boilerplate, as defendant cursorily listed a litany of defenses.

In the counterclaim, defendant indicated that she sought "equitable relief pursuant to MCL 211.72 to quiet title against . . . [d]efendant regarding the subject real property."[2] Defendant maintained that she had valid ownership of the disputed land, that her ownership had never been terminated, that plaintiff's claim was wrongful, and that defendant was entitled to an order quieting title in her favor. Defendant alleged that her ownership was based on deeds and the same survey referenced in her answer. The counterclaim contained no allegations whatsoever regarding adverse possession or acquiescence or the elements thereof.

Discovery had not yet commenced, and plaintiff had not yet filed an answer to the counterclaim when plaintiff moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). With respect to the (C)(8) argument, plaintiff argued that defendant "ha[d] failed to state a claim through a statement of title" relative to the counterclaim. In regard to the (C)(10) argument, which related to the complaint and counterclaim, plaintiff maintained that defendant's proofs failed to create a genuine issue of material fact on whether defendant held an ownership interest in the disputed property. Plaintiff contended that defendant's survey did not create any factual disputes and could not be considered because the survey was not certified or signed and was not intended to be a boundary survey of the lots. Plaintiff further asserted that its survey was valid and established plaintiff's title to the property at issue as a matter of law.

In response, defendant first argued that the fence was situated on defendant's property as it had been for nearly 70 years. Defendant claimed that its survey could be considered in light of the notation that it was based on field measurements, actual locations, deed descriptions, and proposed lines from a prior survey. Defendant also maintained that plaintiff's survey did not control simply because it was certified. Defendant then observed that the fence represented the boundary line because it had been acquiesced to as the true line for more than 15 years. Defendant further indicated that a base map by the county equalization department mirrored the boundary line in defendant's survey. Defendant next argued that even if the boundary line identified in plaintiff's survey were accurate, the doctrines of adverse possession and acquiescence propelled defendant into owner status. In support, defendant submitted old family photographs of the fence and her affidavit, in which she averred, in pertinent part:

---

[1] The survey also stated that the "drawing [is] based on field measurements and actual locations, along with deed descriptions and proposed lines from Harold R. Bruning survey of 1965 & 66." (Original in all caps.)

[2] MCL 211.72 concerned the vesting of title through tax deeds and was repealed by 1999 PA 123. It has no relevance to this case. In her brief on appeal, defendant describes the reference to the statute as a scrivener's error and then cites MCL 600.2932, which pertinently pertains to actions to determine interests in land, i.e., quiet-title actions.

3.       My parents purchased the property located at 1159 South Shore East, Frankfort, Michigan 49635 on September 6, 1951 ("Property") and began utilizing the Property as a summer vacation home.

4.       Shortly after purchasing the Property, my parents installed a fence around a portion of the Property.

\*    \*    \*

7.       On August 8, 2012, I transferred the Property into my Trust, the Janice G. Curtis Living Trust, of which I am the Grantor and Initial Trustee.

8.       The fence, and the land on which it sits has been continuously used and maintained by my family, including but not limited to my parents, myself, and my children since September, 1951.

9.       The occupied portion of the Property has not changed since its purchase by my parents in 1951.

In a reply brief, plaintiff argued that defendant had not adequately pleaded in her counterclaim a cause of action premised on adverse possession or acquiescence. Plaintiff further contended that defendant's affidavit failed to create a genuine issue of material fact with respect to all of the elements of adverse possession and acquiescence.

The trial court granted summary disposition in favor of plaintiff under MCR 2.116(C)(8) and (10). The trial court initially reviewed the procedural and factual history of the case, along with the parties' arguments on the motion for summary disposition. The court then quoted most of defendant's counterclaim and concluded that it failed to state a claim upon which relief could be granted. The trial court observed that the cited tax statute, MCL 211.72, had been repealed. The court then touched on defendant's affirmative defenses, observing that defendant had advanced the doctrines of adverse possession and acquiescence. The trial court next indicated that Michigan is a notice-pleading state, MCR 2.111. The court explained that a party needs to give notice of the nature of a claim or a defense and that conclusory statements unsupported by allegations of fact are insufficient. After reciting the principles attendant to properly pleading a cause of action, the court ruled that defendant's "claims of adverse possession and/or acquiescence have not been properly pled." The trial court then ruled that it was summarily dismissing plaintiff's counterclaim under MCR 2.116(C)(8) due to insufficient pleading. The court did not expressly state that adverse possession and acquiescence were inadequately pleaded in defendant's affirmative defenses, nor did the trial court specifically state that it was rejecting those affirmative defenses. Of course, MCR 2.116(C)(8) does not concern affirmative defenses.

With respect to MCR 2.116(C)(10) and plaintiff's complaint, the trial court first found that the warranty deed conveying the pertinent property to plaintiff was admissible under MRE 803(14). The court also determined that plaintiff's survey was admissible under the hearsay exception in MRE 803(15), which pertains to statements contained in documents affecting an interest in property. In turn, the trial court ruled that defendant's survey did not satisfy MRE 803(15) because it was neither signed nor certified and because it explicitly stated that it was not

intended to be used as a boundary survey. The trial court then found that the county base map supplied by defendant was inadmissible under MRE 803(15) because it stated that the information contained therein was for general reference purposes only.[3] The court further stated, "This [c]ourt also finds the affidavit . . . and the various photographs are largely irrelevant to the color of title claim but may be relevant to support claims of adverse possession and/or acquiescence."[4] Finally, the trial court ruled that based on its evidentiary determinations, it was granting summary disposition in favor of plaintiff under MCR 2.116(C)(10) with regard to plaintiff's complaint and defendant's counterclaim.

Defendant moved for reconsideration. Defendant argued that plaintiff's survey did not comply with the certified surveys act (CSA), MCL 54.211 *et seq.*[5] Defendant additionally contended that plaintiff's survey did not take into account either the riparian rights attached to defendant's property or the ever-changing meander line of Crystal Lake.[6] Defendant then argued that her survey was admissible under MRE 803(15) and that the county base map was admissible under MRE 803(8), which pertains to the hearsay exception for public records. Defendant maintained that her survey, the base map, the deeds, and the photographs established a genuine issue of material fact concerning the location of the boundary line. Next, defendant asserted that her counterclaim stated a cause of action for purposes of determining an interest in land—quieting title—under MCL 600.2932. Defendant then argued that the trial court erred by finding that defendant had inadequately pleaded the affirmative defenses of adverse possession and

_____

[3] On our review of the record, the single-page county base map submitted by defendant contains no such language. The map appears to have been pulled off the Internet and is simply a bare-bones diagram with little information. Plaintiff attached what it referred to as the county base map, which contained an aerial view with parcel line overlays and indicated that it was from Google Earth; this did not match defendant's exhibit. Plaintiff's exhibit stated:

> The aerials with the parcel line overlays are basically a tool for this office and their accuracy is deemed reliable but not guaranteed. If accuracy is imperative we suggest having a survey done.

This is apparently the language that the trial court was referring to in its opinion.

[4] We struggle somewhat with the meaning of this particular statement and finding. Given that the trial court ultimately ruled in plaintiff's favor, we surmise that the court deemed adverse possession and acquiescence no longer relevant in light of its earlier determination that defendant failed to properly plead adverse possession and acquiescence. This lends support to a conclusion that the trial court's pleading decision regarding adverse possession and acquiescence applied to both the counterclaim and the affirmative defenses, which is how defendant herself construes the ruling.

[5] Defendant did not make this argument earlier when responding to plaintiff's motion for summary disposition.

[6] This too was a new argument being posed by defendant.

acquiescence. Finally, defendant posited that the trial court erred by not allowing her to amend her affirmative defenses to properly plead adverse possession and acquiescence.[7]

Citing MCR 2.119(F)(2), the trial court entered an order directing plaintiff to file a response to defendant's motion for reconsideration. In its response, plaintiff argued that the trial court did not err by finding that plaintiff's survey was admissible and controlling. Plaintiff further contended that its survey complied with surveying standards under the CSA. Plaintiff maintained that defendant's discussion of riparian property and meander lines was a red herring and completely irrelevant. Next, plaintiff asserted that the trial court did not err by finding that defendant's survey and the county base map were inadmissible, especially considering their disclaimers. Plaintiff then argued that the trial court did not err by concluding that defendant failed to properly plead adverse possession and acquiescence for purposes of both defendant's affirmative defenses and counterclaim. Plaintiff noted that under MCR 2.111(F)(3)(a), "a party must state the facts constituting . . . an affirmative defense[,]" and that defendant did not do so with respect to adverse possession and acquiescence. Instead, defendant's affirmative defenses were conclusory and boilerplate. Finally, plaintiff argued that any amendment would be futile because there simply was no factual support for claims of adverse possession and acquiescence.

The trial court denied the motion for reconsideration, concluding that defendant presented the same issues that the court had previously ruled on, except for the matter concerning amendment of defendant's affirmative defenses and pleadings, and that defendant had also failed to demonstrate palpable error by which anyone was misled. We again note that defendant's arguments about riparian rights, meander lines, and compliance with the CSA were not previously raised or addressed by the trial court. The court rejected the amendment argument because defendant never submitted a proposed amendment in writing. This appeal ensued.

## II. ANALYSIS

### A. MCR 2.116(C)(8) AND AMENDMENT OF AFFIRMATIVE DEFENSES AND PLEADINGS

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(8) provides for summary disposition when a "party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). In rendering a decision under MCR 2.116(C)(8), a trial court may only consider the pleadings. *Id*. The trial court is required to accept as true all of the factual allegations in the complaint. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130.

Defendant argues that her affirmative defenses of adverse possession and acquiescence were adequately pleaded and that the trial court erred by imposing pleading requirements applicable to complaints to affirmative defenses, which are not pleadings. As mentioned earlier,

---

[7] At the summary disposition hearing, defendant had moved orally to amend her pleadings.

the trial court's ruling is not a picture of clarity with respect to whether its decision on pleading deficiencies extended to defendant's affirmative defenses. But construing the court's opinion as a whole, it does appear that the court was of the view that defendant's affirmative defenses of adverse possession and acquiescence were not adequately pleaded. And both parties interpret the court's ruling in that manner.

It is true that affirmative defenses do not technically constitute pleadings, MCR 2.110(A); however, under MCR 2.111(F)(3)(a), "a party must state the facts constituting . . . an affirmative defense." Simply put, defendant, in her affirmative defenses, did not "state the facts constituting" adverse possession or acquiescence. We find it telling that despite plaintiff's reliance on MCR 2.111(F)(3)(a) below and on appeal, defendant fails to even cite the provision, let alone present a cogent opposing argument in both her main brief on appeal and her reply brief. Accordingly, we hold that defendant did not satisfy MCR 2.111(F)(3)(a) in regard to asserting adverse possession and acquiescence as affirmative defenses.

Defendant next argues that she adequately pleaded a quiet-title cause of action in her counterclaim. We agree. To be clear, defendant does not specifically assert that she sufficiently pleaded a counterclaim for title based on adverse possession or acquiescence. Rather, she maintains that she adequately pleaded a quiet-title action simply by alleging that she owned the property up to and including the fence, absent any reliance on adverse possession or acquiescence. MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

MCR 2.111(B), which addresses the statement of claims under the general rules of pleading, provides, in relevant part:

> A complaint, counterclaim, cross-claim, or third-party complaint must contain the following:
>
> (1) A statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend . . . .

"Michigan is a notice-pleading jurisdiction, which means that a complaint is required to contain only enough information reasonably to inform the defendant of the nature of the claim against which he must defend." *Veritas Auto Machinery, LLC v FCA Int'l Operations, LLC*, 335 Mich App 602, 615; 968 NW2d 1 (2021) (quotation marks and citation omitted).

In this case, although defendant apparently made a mistake by citing MCL 211.72 and not MCL 600.2932, the factual allegations themselves made abundantly clear that defendant was pursuing a quiet-title action, claiming a right in, title to, and an interest in the disputed property.

Accordingly, the trial court erred by summarily dismissing defendant's counterclaim under MCR 2.116(C)(8) but only to the extent that defendant's counterclaim for title was premised on a surveyed boundary line and not as to any assertion of title based on adverse possession or acquiescence.

Although defendant does not appear to make the argument, we will nevertheless address whether the counterclaim sufficiently pleaded claims of adverse possession and acquiescence. "A claim of adverse possession requires clear and cogent proof that possession has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). "Other cases additionally indicate that the possession must be hostile and under cover of a claim of right." *Wengel v Wengel*, 270 Mich App 86, 92; 714 NW2d 371 (2006). Here, defendant's counterclaim lacked allegations covering the elements of adverse possession.

Under Michigan law, parties may acquiesce to a new property boundary line. *Walters v Snyder*, 239 Mich App 453, 456-457; 608 NW2d 97 (2000). "[A]cquiescence is established when a preponderance of the evidence establishes that the parties treated a particular boundary line as the property line." *Mason v City of Menominee*, 282 Mich App 525, 529-530; 766 NW2d 888 (2009) (quotation marks and emphasis omitted). The three theories of acquiescence include "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Sackett v Atyeo*, 217 Mich App 676, 681; 552 NW2d 536 (1996). At issue in this case is apparently the first theory— acquiescence for the statutory period. The statutory period for acquiring property by acquiescence is 15 years. MCL 600.5801(4); *Mason*, 282 Mich App at 529. A claim of acquiescence for the statutory period requires a showing that the property owners treated a boundary line as the property line for 15 years. *Walters*, 239 Mich App at 457-458; see also *Waisanen v Superior Twp*, 305 Mich App 719, 733; 854 NW2d 213 (2014); *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001) ("The doctrine of acquiescence provides that where adjoining property owners acquiesce to a boundary line for at least fifteen years, that line becomes the actual boundary line."). Our Supreme Court has repeatedly held that a boundary line long acquiesced in and treated as the true line should not be disturbed on the basis of new surveys. *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956). In *Wood v Denton*, 53 Mich App 435, 439-440; 219 NW2d 798 (1974), this Court explained that "[o]nly when there has been some agreement, whether tacit or overt, as to the location of the boundary does the question of acquiescence become important." Here, defendant's counterclaim did not contain allegations that the parties treated the fence as the boundary line or that there was a tacit or overt agreement regarding the boundary line.

Given our ruling that the trial court did not err by precluding defendant from asserting claims of adverse possession and acquiescence—whether as affirmative defenses or counterclaims—because of inadequate pleading, we need not reach any (C)(10) arguments concerning whether there existed a genuine issue of material fact on adverse possession and acquiescence.[8] Instead, the (C)(10) issues will solely concern whether there was sufficient

---

[8] Although unnecessary to reach the issue, we do find that defendant's affidavit does not address all of the elements of adverse possession and acquiescence.

evidence to create a factual dispute regarding the actual surveyed boundary line. But we will initially address defendant's amendment argument.

Defendant, citing MCR 2.116(I)(5) and MCR 2.118, argues that she should be permitted to amend her counterclaim to add quiet-title theories of adverse possession and acquiescence. Defendant also contends that summary disposition was premature because discovery had not yet commenced.

If summary disposition is based MCR 2.116(C)(8), (9), or (10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "Amendments must be filed in writing, dated, and numbered consecutively[.]" MCR 2.118(A)(4). In *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999), this Court stated:

> In any case, pursuant to MCR 2.118(A)(4), amendments must be in writing. In the instant case, the request to amend was oral, and plaintiff never offered any written amendments. Accordingly, because plaintiff did not comply with the court rule, the trial court did not abuse its discretion in denying the request to amend.[9]

"Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete[,] [but] summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (quotation marks and citation omitted).

The trial court rejected defendant's amendment argument because defendant never submitted a proposed amendment in writing under MCR 2.118(A)(4).[10] Although defendant presents extensive arguments and analysis regarding why she should be allowed to amend her counterclaim, she fails entirely to address the basis of the trial court's ruling for not permitting defendant to amend her counterclaim. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant."

---

[9] We note that MCR 2.111(F)(3) provides that "[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118."

[10] The trial court cited *Grayling Twp v Berry*, 329 Mich App 133, 151-152; 942 NW2d 63 (2019), wherein this Court ruled:

> When a party makes an oral request to amend the complaint under MCR 2.116(I)(5), that party must also offer a proposed amendment in writing. If a plaintiff fails to do so, the plaintiff has failed to comply with the court rule and the trial court does not abuse its discretion by denying the request to amend. Accordingly, because the residents failed to file a proposed amendment in writing, the trial court did not abuse its discretion when it denied the residents' motion to amend. [Citations omitted.]

*Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). Accordingly, we affirm the trial court's ruling without taking a substantive position on defendant's arguments.

### B. MCR 2.116(C)(10)

MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made [sic] and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Pioneer State*, 301 Mich App at 377. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).[11]

We initially note that defendant's arguments under MCR 2.116(C)(10) essentially pertain to both plaintiff's complaint to quiet title and defendant's counterclaim to quiet title. Defendant argues that the trial court improperly found that plaintiff's survey was controlling because the survey was deficient, in that, it failed to account for the riparian nature of the property and the varying meander line of Crystal Lake. Defendant further contends that plaintiff's survey was not in conformity with the CSA. Our review of defendant's brief on appeal reveals that defendant is not challenging the trial court's ruling that plaintiff's survey was admissible under the hearsay

---

[11] The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden*, 461 Mich at 121; see also MCR 2.116(G)(6).

exception in MRE 803(15).[12]  Rather, defendant is effectively challenging the trial court's interpretation of plaintiff's survey and the court's conclusion that it established plaintiff's claim of title as a matter of law.

With respect to defendant's argument that plaintiff's survey should not be viewed as controlling because it failed to comply with the CSA and did not take into consideration riparian rights and the lake's meander line, we note the trial court did not address the issue.  It was first raised by defendant in her motion for reconsideration and not in response to plaintiff's motion for summary disposition.

"As a general rule, an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019).  "Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).  "A circuit court does not err by declining to consider legal arguments raised for the first time in a motion for reconsideration." *Pierron v Pierron*, 282 Mich App 222, 264; 765 NW2d 345 (2009).  In this case, the trial court, in ruling on the motion for reconsideration, stated that defendant was merely presenting the same issues that had already been ruled on by the court.  In a broad sense this was correct because defendant argued that plaintiff's survey was not controlling in her initial response to the motion for summary disposition, but the particular arguments about riparian rights, the meander line, and compliance with the CSA were not raised.  The trial court made clear that it had reviewed defendant's motion for reconsideration.  We conclude that the trial court effectively declined to address defendant's new arguments, which could have been raised earlier, and we choose not to address those new unpreserved arguments.  In sum, we find no error in the trial court's determination that plaintiff's survey supported plaintiff's position that the disputed property was owned by plaintiff, thereby supporting the trespass action for defendant's erection of the fence on plaintiff's land.

Defendant further maintains that for purposes of evaluating whether there existed a genuine issue of material fact, the trial court erred by not considering defendant's survey, the county base map, and defendant's affidavit.  Defendant argues that her survey and the county base map, which together created a genuine issue of material fact regarding title, were substantively admissible.  We note that the trial court ruled that defendant's survey and the base map constituted hearsay that did not fit the hearsay exception in MRE 803(15).  On appeal, defendant fails to address the trial

---

[12] MRE 803(15) provides a hearsay exception for "[a] statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document."

-10-

court's determination that defendant's survey and the base map were not admissible under MRE 803(15), although she does assert that the base map is admissible under MRE 803(8).[13]

As noted earlier, "[w]hen an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof*, 311 Mich App at 521. Because defendant fails to challenge the court's ruling that her survey constituted inadmissible hearsay and does not offer an alternate basis for admissibility, we affirm the court's decision not to consider defendant's survey. Moreover, defendant's so-called survey was insufficient to create a genuine issue of material fact on title when the survey stated that it was "not intended to be a boundary survey of the[] lands."

With respect to defendant's affidavit, we agree with the trial court that it does not have any bearing on the location of a surveyed or legal boundary line. Finally, with regard to the county base map, assuming for the sake of argument that it is admissible under MRE 803(8) in the form presented, we conclude that it does not suffice to create a genuine issue of material fact regarding the identification of the boundary line because its reliability was not guaranteed and it suggested the performance of a survey if accuracy was imperative.

### III. CONCLUSION

We hold that the trial court did not err by granting summary disposition in favor of plaintiff under MCR 2.116(C)(10) with respect to plaintiff's complaint. We further conclude that the trial court did not err in summarily dismissing defendant's counterclaim under MCR 2.116(C)(8) (as to adverse possession and acquiescence alone) and (10).

We affirm. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Mark T. Boonstra

---

[13] MRE 803(8) provides a hearsay exception for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . ."