*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF RONALD HAMBRIGHT,

        Plaintiff-Appellee,

v

JOHN AND ARLENE KIEL,

        Defendants-Appellants.

UNPUBLISHED
October 19, 2023

No. 364729
Kalamazoo Circuit Court
LC No. 2019-354-CH

Before: RICK, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

Defendants, John and Arlene Kiel, own property adjacent to the house that plaintiff, Ronald Hambright,[1] acquired in 1957. Since 1962, fencing has enclosed a triangular area of land north of plaintiff's eastern property line.[2] In 2019, plaintiff filed this case seeking a determination that the triangular area of land belongs to him based upon acquiescence and adverse possession. The trial court conducted a three-day bench trial in March 2022 and then ruled in favor of plaintiff, finding that plaintiff owns the triangular area because his neighbors acquiesced in that property line for 15 years or more. See *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). We affirm.

## I. FACTUAL BACKGROUND

On March 24, 2022, at the end of a bench trial, the trial court rendered findings of fact and conclusions of law addressing plaintiff Hambright's acquiescence and adverse-possession claims. See MCR 2.517(A). We shall explain the background of this dispute by drawing from the findings of fact that the trial court made. This case was filed to resolve a boundary dispute between plaintiff and defendants, who own adjoining parcels of land in Vicksburg, Michigan. Plaintiff has resided at 370 East U Avenue since 1957. Defendants reside at 400 East U Avenue. At issue is a triangular

---

[1] Hambright died on April 26, 2022, while this case was pending in the trial court, and the Estate of Ronald Hambright thereafter became the plaintiff. For the sake of simplicity, however, we shall refer to Hambright as the plaintiff even though his Estate now holds the claims.

[2] The amended judgment refers to a specific "triangular area" that it describes in detail.

-1-

area of land that was enclosed within plaintiff's fencing since 1962. Plaintiff claims to have had sole use and maintenance of the disputed area from 1957 until 2019, when this dispute arose.

In 1961, plaintiff installed a chain link fence along the east side of his property, six to eight inches inside where he understood the property line was. When defendants bought the neighboring property in 2003, there was a chain link fence that ran between the properties, as depicted here:



In 2004, some of the chain link fence was taken down. By 2009, what was left of the fence was torn down because it was deteriorating, but many of the fence posts remained in the ground. In 2019, plaintiff installed a new vinyl fence in the same spot as the original chain link fence. Each side hired a surveyor. The surveyors agreed on where the actual property line was supposed to be, but plaintiff's surveyor testified that both the vinyl fence and the chain link fence had been east of the survey line, on defendants' side of the line.

Defendants called as a witness Dustin Otto, a professional land surveyor. Defendants had retained Otto to reestablish a boundary survey performed to ensure that the fence was placed on the correct line. Otto testified that remnants of the fence lined up with his own determination of the boundary line. He stated the 2019 fence was on defendants' side of the line, but two markers suggested a different boundary line. One of those markers was the 3/8 rod found at the 700-foot mark. A document Otto produced was admitted as Defendants' Exhibit A, and appears below:



To make matters worse, defendant John Kiel testified about the existence of the chain link fence. He acknowledged that he did not have a survey done when he purchased his home in 2003, but he personally measured to see that the fence was very close to where the line should have been. When it came to the vinyl fence, it was defendant himself who assisted plaintiff in removing the old chain link fence in the front of the house, and paying for and placing new vinyl posts between the parties' properties. Plaintiff then moved the fence and ran it back along the property through an open area that both families had been utilizing and maintaining.

At the conclusion of the trial, the court found that the chain link fence was installed in 1961 or 1962 and that it existed for more than 15 years. Beyond that, the trial court noted that defendants did not offer any evidence to challenge where plaintiff asserted the fence was located. Finally, the trial court found that the boundary had been shifted through acquiescence due to the longstanding existence of the chain link fence. The trial court memorialized its ruling in an amended judgment issued on December 20, 2022. Defendants now appeal.

## II. LEGAL ANALYSIS

Plaintiff filed a complaint seeking to quiet title to the contested triangular area of land based on claims of acquiescence and adverse possession. The trial court awarded that relief based on the theory of acquiescence after a bench trial, but the defendants insist that the trial court erred in that ruling. An action to quiet title "is equitable in nature, and equitable rulings are reviewed de novo." *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). After a bench trial, the trial court's factual findings are reviewed for clear error, but its legal conclusions are reviewed de novo. *Trahey v City of Inkster*, 311 Mich App 582, 593; 876 NW2d 582 (2015). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Id*. For a claim of acquiescence, the plaintiff must prove the claim by a preponderance of the evidence. *Walters*, 239 Mich App at 455.

A claim of acquiescence to a boundary line based on the statutory period of fifteen years, MCL 600.5801(4), requires " 'a showing that the parties acquiesced in the line and treated the line as the boundary for the statutory period, irrespective of whether there was a bona fide controversy regarding the boundary.' " *Id*. at 456 (alteration in original). " 'A claim of acquiescence does not require that the possession be hostile or without permission.' " *Id*. There exist three theories of acquiescence: "(1) acquiescence for the statutory period, (2) acquiescence following a dispute and agreement, and (3) acquiescence arising from intention to deed to a marked boundary." *Id*. at 457. Here, only the first theory is at issue.

Michigan law has not defined an explicit set of elements needed to satisfy the doctrine of acquiescence. Instead, our courts have discussed the doctrine in more general terms. For example, our Supreme Court has noted: "It has been repeatedly held by this Court that a boundary line long treated and acquiesced in as the true line, ought not to be disturbed on new surveys. Fifteen years' recognition and acquiescence are ample for this purpose." *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956) (quotation marks and citations omitted). This Court most recently indicated that applicability of the doctrine commonly arises where property owners treat a boundary line or other designating feature, such as bushes or a fence, as the property line. See *Sackett v Atyeo*, 217 Mich App 676, 681-682; 552 NW2d 536 (1996).

In *Walters*, 239 Mich App 453, we relied on a line of bushes and small trees to establish a boundary line by acquiescence because the adjoining property owners had mistakenly treated the line of bushes and small trees as the boundary line for the 15-year statutory period. *Id*. at 458-460. Similarly, in this case, the trial court did not commit clear err when it found by a preponderance of the evidence that the parties acquiesced for a period of 15 years in the boundary line defined by the fence. Defendants assert that, during the 15-year period from 2004 to 2019 leading up to this case, there was not a fence in place. This fact is undisputed by both sides, but that is not the period in which acquiescence occurred. The trial court determined that plaintiff had installed the original

chain link fence in 1961, and it remained untouched until 2004. That period of more than 40 years is when acquiescence occurred and the boundary line changed.

Plaintiff and his children testified that they believed the original chain link fence was the property line. Plaintiff even recalled walking the property at the time of purchase. Since that time, and after the installation of the chain link fence, no predecessor owner of the neighboring property ever thought otherwise. In addition, plaintiff and his family testified to having sole use of the land at issue and being the ones responsible for its maintenance. The trial court accepted that testimony in making its findings. "Questions of credibility are left to the trier of fact and will not be resolved anew by this Court." *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999). Therefore, the record supports the trial court's finding that the adjoining property owners had acquiesced and treated the fence as the property line for well over the statutory period of 15 years. Consequently, the trial court acted properly in granting plaintiff's motion to quiet title in the contested triangular area of land. See *Walters*, 239 Mich App at 458-460.

Affirmed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates